**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4555**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MANUEL OCAMPO, JR.,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:12-cr-00019-RLV-DCK-1)

———————

Submitted: April 23, 2015        Decided: April 27, 2015

———————

Before SHEDD, DUNCAN, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Manuel Ocampo, Jr., pled guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute methamphetamine, cocaine, heroin, and marijuana. He was sentenced to 210 months of imprisonment, the bottom of his correctly calculated advisory Sentencing Guidelines range. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issue: whether the Government breached its plea agreement with Ocampo by failing to recommend a six-month sentence for his wife. For the reasons that follow, we affirm.

A defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence. United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000). Because Ocampo raises this issue for the first time on appeal, we review it for plain error. United States v. McQueen, 108 F.3d 64, 65-66 & n.1 (4th Cir. 1997). We find no plain error, though, as the Government did not promise to recommend a six-month sentence in its plea agreement with Ocampo. Moreover, at his plea hearing, Ocampo stated that there were no promises made outside the plea agreement. Thus, this claim fails.

2

Although not a listed issue in his <u>Anders</u> brief, Ocampo alleges trial counsel told him that his wife would receive a six-month sentence if he accepted the Government's plea offer. (<u>Anders</u> Br. at 12-13). To the extent that this could be construed as an ineffective assistance claim of counsel claim, we note that unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not generally addressed on direct appeal. <u>United States v. Benton</u>, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such a claim should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that this claim should be raised, if at all, in a § 2255 motion.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Ocampo's conviction and sentence. This court requires that counsel inform Ocampo, in writing, of the right to petition the Supreme Court of the United States for further review. If Ocampo requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

3

was served on Ocampo.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED